# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ENOMA IGNINOVIA,<br><br>          Plaintiff,<br><br>vs.<br><br>JAMES G. COX, *et al.*,<br><br>          Defendants. | 3:11-cv-00079-ECR-WGC<br><br>**ORDER ON MOTIONS** |

Numerous motions filed by plaintiff are pending before the court.

**1)** **"Motion to Request and Notify Court a Third Party Who is Familiar with this Action May Try to Subvert this action." (Doc. #35)** [1]

The gravamen of plaintiff's motion (Doc. #35) appears to be that he requests the court to order the clerk of the court to file documents submitted by plaintiff "only if it have (sic) two sets of the same documents (pleadings) to be filed. One to be filed and submitted to the court and another to be filed (sic) stamped copy sent back to plaintiff..." (*id*, p. 3). Plaintiff's motion (Doc. #35) is **DENIED.** The court clerk will file any documents received by plaintiff and the filing thereof will not be dependent on whether duplicate copies accompany the original. A file stamped copy is routinely returned to plaintiff by the clerk's office if a copy is provided the clerk to conform.

/ / /

---

[1] Doc. #35 was incorporated into an plaintiff's opposition to defendants' motion to extend time (Doc. #34). Defendants' motion was previously granted (Doc. #33).

**2) Motion to Correct (Doc. #37)**

Plaintiff seeks to correct the nomenclature of a document he filed s either a motion or an opposition. The court has difficulty understanding what it is plaintiff is attempting to accomplish.

Defendants interpret plaintiff's motion as an attempt to file "a reply to defendants' reply... ." As defendants point out, LR 7-2 does not authorize the filing of "replies to replies." The court embraces this interpretation. To the extent the court correctly interprets plaintiff's motion (Doc. # 37), the motion is **DENIED**.

**3) Motion for Order re Legal Mail (Doc. #38)**

Document 38 is a motion asking the court to order "Ely State Prison" to "...stop opening plaintiff's legal mail on his behalf... ." (id, p. 2). He argues "legal mail" is only to be opened in his presence and that such mail has been opened in his absence. He also claims he did not receive defendants' reply to plaintiff's opposition to defendants' motion (Doc. #30).

Defendants contend their reply to plaintiff's opposition was served on plaintiff. In any event, defendants' opposition to plaintiffs' motions (Docs. #37 and 38) included a duplicate copy of their opposition which was logged by the court as Doc. #39. (Doc. #40, Exhibit A.)

Defendants also dispute plaintiff's legal mail was opened in plaintiff's absence. Defendants attach Nevada Department of Corrections Administrative Regulation 722.09 which states the policy of the prison is that "legal mail is opened, scanned and inspected for contraband in the presence of the inmate recipient" (Doc. 40, p. 2). Defendants admit, however, that "...with the large amounts of correspondence from and to inmates, mistakes may occur."

Defendants counsel is requested to advise the mail room at Ely State Prison to use caution when opening what may be "legal mail."

/ / /
/ / /
/ / /
/ / /

Plaintiff's motion (Doc. #38) is **DENIED.** In that regard, the court also determines the "sanctions" plaintiff seeks ("Conclusion," Doc. #38, p. 3) are not justified.

**IT IS SO ORDERED.**

DATED: December 9, 2011.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE