**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

ENOMA IGBINOVIA, )  3:11-cv-00079-ECR (WGC)
)
      Plaintiff, )  **REPORT AND RECOMMENDATION**
)  **OF U.S. MAGISTRATE JUDGE**
vs. )
)
JAMES G. COX, et al., )
)
      Defendants. )
)

This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Defendants' Motion to Dismiss or in the Alternative for Summary Judgment (Doc. # 15.)[1] Plaintiff opposed (Doc. # 25) and Defendants replied. (Doc. # 30.) Plaintiff also filed a Cross-Motion for Summary Judgment. (Doc. # 26.)[2] Defendants opposed (Doc. # 43) and Plaintiff replied (Doc. # 44). After a thorough review, the court recommends that Defendants' motion (Doc. # 15) be granted in part and denied in part, and that Plaintiff's motion (Doc. # 26) be denied.

## I. BACKGROUND

At all relevant times, Plaintiff Enoma Igbinovia (Plaintiff) was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s First Am. Compl. (Doc. #13) at 1.) The events giving rise to this action took place at Ely State Prison (ESP). (*Id.*) Plaintiff, a *pro se*

---

[1] Refers to the court's docket number. Defendants filed a Supplement to their motion. (Doc. # 17.)

[2] Doc. # 25 and Doc. # 26 are identical.

1  litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) Defendants are James G. Cox and
2  Harry Churchward. (*Id.* at 2.)
3        Plaintiff alleges that he was designated High Risk Potential (HRP) status without being
4  given notice and a hearing, and is now held in solitary confinement indefinitely. (Doc. # 13.)
5  On screening, the court found that Plaintiff states a colorable claim for violation of his
6  Fourteenth Amendment procedural due process rights in connection with these allegations.
7  (*See* Doc. # 14 at 5.)
8        Plaintiff also alleges that Defendant Churchward confiscated his address book
9  containing the names of witnesses needed for Plaintiff's criminal appeals as well as his
10 attorney's information.  (Doc. # 13.) On screening, the court found Plaintiff stated a colorable
11 claim that his First Amendment right to access the courts was violated. (Doc. # 14 at 5-6.)
12       Defendants move to dismiss Plaintiff's complaint, or alternatively, for summary
13 judgment, on the following grounds: (1) Plaintiff was afforded due process in the form of notice
14 and a hearing before being classified to HRP status and placed in segregation; and (2) Plaintiff
15 cannot establish that his right of access to the courts has been violated because it is unlikely
16 Plaintiff is still pursuing a criminal appeal related to his underlying convictions. (Doc. # 15.)
17       Plaintiff opposed the motion and also moves for summary judgment. (Doc. # 25, Doc.
18 # 26.) Plaintiff argues that the conditions he is faced with as a result of being classified to HRP
19 status constitute an atypical and significant hardship, violating his Fourteenth Amendment due
20 process rights. (*Id.* at 3.)[3] In addition, he argues that Defendant Churchward violated his First
21 Amendment right to access the courts when he stole Plaintiff's address book which he needed
22 for his criminal case. (*Id.* at 4.)

### II. LEGAL STANDARD

24     As a general rule, the court may not consider any material beyond the pleadings in ruling
25 on a motion to dismiss for failure to state a claim without converting it into a motion for
26 summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

---

[3] Plaintiff's argument that he was placed in HRP in retaliation for his refusal to provide information (Doc. # 25, Doc. # 25 at 3-4) will not be addressed by the court as this allegation is not part of this action. (*See* Doc. # 14.)

2

1     Here, Defendants clearly rely on material beyond the four-corners of the First Amended
2 Complaint. (*See* Doc. # 15.) Therefore, the court must treat this as a motion for summary
3 judgment under Federal Rule of Civil Procedure 56.

4     "The purpose of summary judgment is to avoid unnecessary trials when there is no
5 dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*,
6 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). All reasonable inferences are drawn in
7 favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citing
8 *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Summary judgment is appropriate
9 if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that
10 there is no genuine issue as to any material fact and that the movant is entitled to judgment as
11 a matter of law." *Id.* (quoting Fed.R.Civ.P. 56(c)). Where reasonable minds could differ on the
12 material facts at issue, however, summary judgment is not appropriate. *See Anderson*, 477 U.S.
13 at 250.

14     The moving party bears the burden of informing the court of the basis for its motion,
15 together with evidence demonstrating the absence of any genuine issue of material fact.
16 *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Although the parties may submit evidence
17 in an inadmissible form, only evidence which might be admissible at trial may be considered
18 by a trial court in ruling on a motion for summary judgment. Fed.R.Civ.P. 56(c).

19     In evaluating the appropriateness of summary judgment, three steps are necessary:
20 (1) determining whether a fact is material; (2) determining whether there is a genuine issue for
21 the trier of fact, as determined by the documents submitted to the court; and (3) considering
22 that evidence in light of the appropriate standard of proof. *See Anderson*, 477 U.S. at 248-250.
23 As to materiality, only disputes over facts that might affect the outcome of the suit under the
24 governing law will properly preclude the entry of summary judgment; factual disputes which
25 are irrelevant or unnecessary will not be considered. *Id.* at 248.

26     In determining summary judgment, a court applies a burden shifting analysis. "When
27 the party moving for summary judgment would bear the burden of proof at trial, 'it must come
28 forward with evidence which would entitle it to a directed verdict if the evidence went

uncontroverted at trial.'[ ] In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 323-25. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)(quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Id*. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. While the evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in its favor," if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id*. at 249-50, 255 (citations omitted).

### III. DISCUSSION

**A. Fourteenth Amendment due process claim**

    **1. Legal standard**

The Fourteenth Amendment provides, "[n]o State shall...deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 1. To invoke its protections, an inmate "must establish that one of these interests is at stake." *Wilkinson v. Astrue*, 545 U.S. 209, 221 (2005); *see also Wolff v. McDonnell*, 418 U.S. 539, 558 (1974).

In analyzing the procedural safeguards owed to an inmate under the Due Process Clause of the Fourteenth Amendment, the court considers two elements: (1) whether the inmate suffered a deprivation of a constitutionally protected interest; and (2) whether the inmate suffered a denial of adequate procedural protections. *See Biggs v. Terhune*, 334 F.3d 910, 913 (9th Cir. 2003) (citations omitted). Here, Plaintiff is asserting that he was deprived of a liberty interest in being classified to HRP status and his resulting assignment to segregated housing. (Doc. # 13.)

"A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,'...or it may arise from an expectation or interest created by state laws or policies[.]" *Wilkinson*, 545 U.S. at 221 (internal citations and parenthetical omitted).

First, under the Constitution itself, a liberty interest is implicated when the conditions of confinement "[exceed] the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force." *Mitchell v. Dupnik*, 75 F.3d 517, 523 (9th Cir. 1996) (internal quotation marks and citation omitted.) The Supreme Court has concluded that the Due Process Clause itself does not grant inmates a liberty interest in remaining in the general population. *See Sandin*, 515 U.S. at 485-86.

Second, liberty interests created by the state are generally limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). To determine whether a restraint imposes "atypical and significant hardship," a court considers a condition or combination of conditions or factors on a case by case basis, rather than invoking a single

5

standard. *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003). Three factors have been used to guide this inquiry: (1) whether the challenged condition mirrored those conditions of ordinary prison life; (2) the duration of the condition, and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence. *Id.* (citing *Sandin*, 515 U.S. at 486-87; *Keenan v. Hall*, 84 F.3d 1083, 1089 (9th Cir. 1996) (quotations omitted)).

If there is a finding that an inmate was deprived of a liberty interest, the court's analysis shifts to whether the inmate suffered a denial of adequate procedural protections. When an inmate is placed in segregated housing, he must be provided, within a reasonable time after such placement, with an informal, non-adversary review of the evidence justifying the decision to segregate the inmate. *See Hewitt v. Helms*, 459 U.S. 460, 476 (1983), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). Before the review, the prisoner must receive some notice of the charges and be given an opportunity to respond. *See id.* at 476. Unlike a disciplinary proceeding, the inmate is not entitled to "detailed written notice of charges, representation of counsel or counsel-substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation." *Toussaint v. McCarthy,* 801 F.2d 1080, 1100-01 (9th Cir. 1986), *abrogated in part on other grounds by Sandin*, 515 U.S. 472. After being placed in segregation, prison officials must periodically review the initial placement. *See Hewitt*, 459 U.S. at 477 n. 9.

When an inmate faces disciplinary charges, on the other hand, due process requires that the inmate receive: (1) written notice of charges; (2) at least twenty-four (24) hours between the time the prisoner receives the written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the hearing officer of the evidence relied upon and the reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance if the prisoner is illiterate or

6

the issues presented are legally complex.[4] *Wolff*, 418 U.S. at 556. Plaintiff's allegations do not take issue with the disciplinary proceeding, but instead focus on his classification to HRP status and placement in segregated housing. (Doc. # 13.) Therefore, the procedural protections outlined in *Wolff* do not apply to Plaintiff's claim.

### 2. Analysis

The facts giving rise to this claim are generally not in dispute. Plaintiff was in custody of NDOC in Las Vegas in 1999 when he was taken to University Medical Center for treatment, and escaped and fled to Florida where he evaded capture for years until he was charged with a crime and taken into the custody of the Florida correctional system. (Doc. # 15 at 2, Ex. A.) Plaintiff was extradited into the custody of NDOC in June 2003. (*Id.*) In August 2003, Plaintiff was caught with a handcuff key in a shoe on his way to court. (*Id.*) He has been considered a high escape risk since his return to NDOC custody in 2003. (*Id.*)

In September 2009, the Office of the Inspector General (OIG) launched an investigation into the use by inmates of multiple contraband cell phones serviced by Tracphone Wireless. (Doc. # 15 at 2, Ex. C at ¶ 2.) During the investigation, it was discovered that Plaintiff placed two calls during which he asked contacts to purchase Tracphone Wireless telephone cards. (Doc. # 15 at 2, Ex. C at ¶3.) Following receipt of a search warrant, the OIG learned the calls made by Plaintiff were to multiple members of his family and a contact in Florida. (Doc. # 15 at 2, Ex. C at ¶ 4.) Plaintiff's cell was searched and a letter was discovered that stated he had to let go of his cellular telephone for a while due to a recent search, but it would not interfere with his vacation plans, which the OIG took as code for an escape plot. (Doc. # 15 at 3, Ex. C at ¶ 5.) The OIG confirmed that Plaintiff placed calls to his family members and to Florida with one of the phones. (Doc. # 15 Ex. C at ¶ 6.) Plaintiff admitted using the contraband phone to Defendant Churchward, but stated he did so under duress from other inmates. (*Id.* at ¶ 7.)

Plaintiff was served with a notice of classification hearing on September 17, 2009. (Doc.

---

[4]Inmates are not entitled to the aid of trained legal counsel. *Wolff*, 418 U.S. at 591-92, n. 2 ("There is considerable force to the argument that counsel on either side would be out of place in these disciplinary proceedings, and the practical problems of providing appointed counsel in these proceedings may well be insurmountable.").

7

# 15 Ex. D.) Plaintiff was placed in administrative segregation on September 22, 2009, and received a full classification hearing on September 23, 2009, during which time he was classified on HRP status. (Doc. # 15 at 3, Ex. A.)

In addition, Plaintiff was served with a notice of disciplinary charges on February 9, 2010. (Doc. # 15 Ex. B, C.) Plaintiff received a disciplinary hearing. (Ex. A, B., C.) Plaintiff was found guilty of the contraband charge and not guilty of the escape charge. (Doc. # 15 Ex. G.) Plaintiff was sentenced to 730 days in disciplinary segregation to begin on March 27, 2010. (Doc. # 15 Ex. A.) Plaintiff was transferred to disciplinary segregation on March 27, 2010, and received classification reviews on May 19, 2010, June 22, 2010, July 26, 2010, August 18, 2010, October 22, 2010, January 20, 2011, January 24, 2011, February 11, 2011, and April 15, 2011. (*Id.*)

Assuming without deciding that Plaintiff was deprived of a liberty interest in being classified to HRP status and assigned to disciplinary segregation, the court finds that Plaintiff received adequate procedural protections with respect to his classification and housing status.

Plaintiff received forty-eight (48) hours notice of his eligibility for placement on HRP status on September 17, 2009. (Doc. # 15 at 5, Ex. D.) He was placed in administrative segregation on September 22, 2009. (*Id.* at 6.) Plaintiff then received a full classification hearing on September 23, 2009. (*Id.*, Ex. A at 8-9.) He was transferred to disciplinary segregation on March 27, 2010, after he was found guilty of the contraband charge. (*Id.*) Thereafter, Plaintiff received classification reviews in May, June, July, August, and October of 2010, and January, February, and April of 2011. (Doc. # 15 Ex. A.) Thus, the court finds Defendants have met their burden under Rule 56.

Plaintiff, on the other hand, fails to raise a genuine issue as to a material fact with respect to this claim. Nor does Plaintiff meet his burden of establishing that he would be entitled to a directed verdict at trial on this claim with respect to his motion for summary judgment. *See C.A.R. Transp. Brokerage Co.*, 213 F.3d at 480 (internal citations omitted). Plaintiff has not produced evidence which establishes any procedural deficiencies with respect to the classification hearing or subsequent review hearings. The court finds Plaintiff has been

1 afforded the due process rights he is entitled.

2 Accordingly, the court recommends that Defendants' Motion for Summary Judgment
3 be granted as to Plaintiff's claim that his Fourteenth Amendment due process rights were
4 violated.

5 **B. First Amendment access to courts claim**

6 Inmates have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S.
7 343, 346 (1996). To establish a violation of the right of access to the courts, a prisoner must
8 establish that he or she suffered an actual injury, a jurisdictional requirement that flows from
9 the standing doctrine and may not be waived. *Id* at 348 (citation omitted); *see also Alvarez v.*
10 *Hill*, 518 F.3d 1152, 1155 n. 1 (9th Cir. 2008)(citation omitted) (explaining, "[f]ailure to show
11 that a 'non-frivolous legal claim ha[s] been frustrated' is fatal" to a claim of denial of access to
12 the courts). "Actual injury" is defined as "actual prejudice with respect to contemplated or
13 existing litigation, such as inability to meet a filing deadline or present a claim." *Id.* at 348
14 (citation and internal quotations omitted).

15 Preliminarily, the court finds that Defendants' entire argument is based on their
16 speculation that Plaintiff could not still be working on a collateral attack to his underlying
17 conviction. (Doc. # 15 ("Plaintiff was convicted of the crimes for which he is imprisoned in
18 1996. It is highly unlikely that he is still pursuing a direct appeal of those convictions some 15
19 years later. Moreover, if he is, it is not unreasonable to expect that Plaintiff has possession of
20 at least one pleading or filing from the ongoing appeal.").) This fails to satisfy the burden under
21 Rule 56.

22 More specifically, Plaintiff would have the burden of proving his claim at trial.
23 Therefore, Defendants, as the party moving for summary judgment, are tasked with either: (1)
24 presenting *evidence* to negate an essential element of Plaintiff's case; or (2) *demonstrating* that
25 Plaintiff failed to make a showing sufficient to establish an element essential to his case on
26 which he has the burden of proof at trial. *See Celotex*, 477 U.S. at 323-25. Defendants' mere
27 conjecture that Plaintiff will not meet his burden is insufficient. Defendants could have done
28 some research to determine whether Plaintiff currently has a criminal appeal pending.

1   Likewise, Defendants could have propounded discovery or deposed Plaintiff to determine
2   whether Plaintiff is currently engaged in the criminal appeal process, and what effect the
3   confiscation of his address book had on this process, if any. Defendants have not done so, and
4   have failed to meet their burden.

5   Defendants raise for the first time in their reply the argument that this claim should be
6   denied as to Defendant Cox because Plaintiff has made no allegations related to him with
7   respect to this claim. (Doc. # 30 at 2.) In addition, for the first time in their reply brief,
8   Defendants attach evidence related to Plaintiff's underlying criminal conviction and appeal.
9   (Doc. # 30 at 4, Ex. A.) This information should have been raised in the moving papers, so that
10  Plaintiff would have an opportunity to respond. *See Omega Environmental, Inc. v. Gilbarco,*
11  *Inc.*, 127 F.3d 1157, 1167 (9th Cir. 1997) (citation omitted) (declining to address argument
12  raised for the first time in a reply brief). While the court perceives weaknesses in Plaintiff's
13  claim and acknowledges that this claim may not ultimately be successful, *Defendants have*
14  *failed to meet their burden under Rule 56.* Therefore, Defendants' motion for summary
15  judgment should be denied as to Plaintiff's First Amendment access to courts claim.

16  Nor has Plaintiff met his burden with respect to this claim as contained in his Cross-
17  Motion for Summary Judgment (Doc. # 26). Plaintiff, as the party with the burden of proof at
18  trial, is required to produce evidence that would entitle him to a directed verdict at trial so as
19  to establishes the *absence* of a genuine issue of fact on each issue material to his case. *See*
20  *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000)
21  (internal citations omitted). Plaintiff argues that his address book contained critical
22  information for witnesses and persons having information necessary to his continuing
23  collateral attack on his conviction. (Doc. # 25, Doc. # 26 at 5.) Plaintiff provides a letter from
24  attorney Conrad Claus to Clark County District Attorney David Roger indicating that Plaintiff
25  was attacking his underlying conviction, at least as of October 26, 2010. (Doc. # 25 at 34-35.)
26  However, Plaintiff does not produce evidence establishing the actual injury element of his
27  claim. *See Lewis*, 518 U.S. at 348. Accordingly, Plaintiff's motion for summary judgment
28

should be denied as to his First Amendment access to courts claim.[5]

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **GRANTING** Defendants' Motion for Summary Judgment (Doc. # 15) with respect to Plaintiff's Fourteenth Amendment due process claim, and **DENYING** Defendants' motion with respect to Plaintiff's First Amendment access to courts claim.

**IT IS HEREBY FURTHER RECOMMENDED** that the District Judge enter an Order **DENYING** Plaintiff's Cross-Motion for Summary Judgment (Doc. # 26).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: December 29, 2011.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[5] The court will not address Plaintiff's argument that the confiscation of his address book was a due process violation. This was addressed in the screening order, and the court found the only colorable claim Plaintiff states with respect to these allegations is a First Amendment access to courts claim. (*See* Doc. # 14.)