**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ENOMA IGBINOVIA, | 3:11-cv-00079-ECR-WGC |
| Plaintiff, | **Order** |
| vs. | |
| JAMES G. COX, et al., | |
| Defendants. | |

This is a pro se prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.

### I. Background

On December 29, 2011, the Magistrate Judge issued a Report and Recommendation (#46) recommending that Defendants' motion for summary judgment (#15) be granted with respect to Plaintiff's Fourteenth Amendment procedural due process claim and denied with respect to Plaintiff's First Amendment access to courts claim. The Magistrate Judge also recommended that Plaintiff's motion for summary judgment (#26) be denied. On February 10, 2012, after performing a *de novo* review of Plaintiff's claims, we agreed with the Magistrate Judge an issued an Order (#50) approving and adopting the Report and Recommendation (#46). We found that Plaintiff was afforded all necessary due process with regard to his classification as a High Risk

Potential (HRP) inmate, including notice, a full classification hearing, and numerous classification reviews since being placed in administrative segregation.

On February 23, 2012, Plaintiff filed a motion to alter or amend (#55) the Court's previous Order (#50) pursuant to Federal Rule of Civil Procedure 59(e) which the Court will also treat as a motion for relief from an order pursuant to Rule 60(b), as the Court has not yet entered a final judgment in this case. Defendants responded (#57) on February 28, 2012. Plaintiff did not reply.

## **II. Legal Standard**

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed not later than 28 days after the entry of judgment." "A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." Turner v. Burlington N. Santa Fe R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003) (citations omitted). Further, the Ninth Circuit has held that a Rule 59(e) motion should not be granted absent "highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Herbst v. Cook, 260 F.3d 1039, 1044 (9th Cir. 2001) (quoting McDowell v. Calderon, 197 F.3d 1253, 1255 (9 th Cir. 1999) (en banc)). Thus there are four grounds upon which a Rule 59(e) motion may be granted: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered o

2

previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. Turner, 338 F.3d at 1063 (quoting McDowell, 197 F.3d at 1254 n.1).

Under Rule 60(b), the court may relieve a party from an order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Motions to reconsider are generally left to the discretion of the trial court. Downing v. Nevada, No. 2:11-cv-02024, 2012 WL 1298330, at *1 (D.Nev. Apr. 13, 2012) (citing Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987)). A motion for reconsideration must set forth factors or law of a strongly convincing nature to persuade the court to reverse its prior decision. Frasure v. U.S., 256 F.Supp.2d 1180, 1183 (D.Nev. 2003) (citing All Haw. Tours Corp. v. Polynesian Cultural Ctr., 116 F.R.D. 645, 648-49 (D.Haw. 1987), *rev'd on other grounds*, 855 F.2d 860 (1988)).

### III. Discussion

In his motion to amend or alter the judgment (#55), Plaintiff asserts that Defendants failed to meet their burden of proving that he

1 should have been placed on HRP status. Plaintiff, however, has
2 already brought this argument before the Court and the Court found it
3 without merit. Defendants produced evidence showing that Plaintiff
4 was afforded ample due process with regard to his HRP designation, as
5 detailed exhaustively by the Magistrate Judge in the Report and
6 Recommendation (#46). Plaintiff has not identified any mistake,
7 intervening change in controlling law, newly discovered evidence,
8 fraud, or any other reason justifying relief under either Rule 59(e)
9 or 60(b). A motion for reconsideration is a not a vehicle to reargue
10 a previous motion, and a party seeking reconsideration must show more
11 than a disagreement with the Court's prior decision. <u>U.S. Westlands</u>
12 <u>v. Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (citations
13 omitted). Because Plaintiff has failed to set forth any valid reason
14 for reversing the Court's prior decision, Plaintiff's motion must be
15 denied.

### IV. Conclusion

**IT IS, THEREFORE, HEREBY ORDERED** that Plaintiff's motion to alter or amend (#55) is **DENIED**.

DATED: May 14, 2012.

_____
UNITED STATES DISTRICT JUDGE

4