UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| ENOMA IGBINOVIA, | ) | 3:11-cv-00079-ECR-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | August 23, 2012 |
| | ) | |
| JAMES G. COX, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>  Katie Lynn Ogden  </u>  REPORTER:  <u>             FTR            </u>

COUNSEL FOR PLAINTIFF:  <u>Enoma Igbinovia, In Pro Per (Telephonically)          </u>

COUNSEL FOR DEFENDANT(S):  <u>Robert Simon (Telephonically)                    </u>

**MINUTES OF PROCEEDINGS:**

9:33 a.m. Court convenes.

**I. Preliminary Matters**

The court advises the parties that, in order to judge the parameters of discovery, specifically in regards to plaintiffs motion to compel (Dkt. # 85), it should be recognized that this matter is coming before the court on the First Amendment - access to court- claim (see Dkt. ## 46, 50). The court notes that this hearing will address Mr. Igbinovia's motion to compel with respect to his request for production of documents, admissions, and interrogatories.

**II. Plaintiff's *Motion for an Order Compelling Discovery Request* (Dkt. #85)**

**A.) Plaintiff's Second Set of Request for Production of Documents (Dkt. #88-1, Exhibit A)**

**1.) Request for Production No. 7**

Plaintiff requests copies of each and every page of the address book that was allegedly confiscated by Defendant Churchward.  Mr. Simon represents that Mr. Churchward has

MINUTES OF PROCEEDINGS
3:11-cv-00079-ECR-WGC
Date: August 23, 2012
Page 2

signed a declaration stating that he does not have the address book and the other investigator that was present during the incident also claims he does not have a copy of the address book.

The court informs Mr. Igbinovia that the court is unable to order the defendants to produce something they represent they do not have and, at the present time, the court is accepting defendants' representation that are not is possession of plaintiff's address book.

### 2.) Request for Production No. 8

Mr. Igbinovia represents that the responsive documents provided by the defendants is not relevant, or plaintiff is unable to determine the relevancy of the document, for this particular request. Mr. Simon represents that the document produced to plaintiff does reference and apply to the underlying disciplinary charges regarding plaintiff's HRP status.

On the grounds that, one, defendants claim there was no seizure of plaintiff's address book; and two, defendants claim they have produced all documents related to the disciplinary charges, plaintiff's instant request for production no. 8 is **DENIED**.

### 3.) Request for Production No. 9

Plaintiff represents that the defendants fail to identify the specific document(s) that relate to plaintiff instant request. The court asks Mr. Simon whether the production of documents labeled NDOC 1 to NDOC 196 include the HRP status designation. Mr. Simon represents that, at the present time, he does not recall whether that specific document was included with documents produced; however, Mr. Simon further represents that the written directive placing plaintiff on HRP would have no relevance to the address book.

The court is inclined to grant this request if plaintiff contends that this specific document is peripherally related to his HRP status. Therefore, plaintiff's instant request for production no. 9 is **GRANTED.** Defendants are directed to produce the written directive (the "order") which placed plaintiff on HRP status.

### 4.) Request for Production No. 10

This request is found to be similar to that of request for production no. 7. Therefore, request for production no. 10 is **DENIED** on the same grounds as request for production no. 7.

### 5.) Request for Production No. 11

Mr. Igbinovia represents that there is a recording of the September 22, 2009, interview.

MINUTES OF PROCEEDINGS
3:11-cv-00079-ECR-WGC
Date: August 23, 2012
Page 3

Mr. Simon represents that defendants admit that there was an interview conducted; however a recording of the interview has not been found (see Dkt. #62-3).

At this point in time plaintiff's instant request for production no. 11 is **DENIED** on the grounds that defendants represent that there is no recording and, to their knowledge, no recording was made.

### B.) Plaintiff's Second Set of Requests for Admission (Dkt. #88-2, Exhibit B)

#### 1.) Request for Admission No. 23

Mr. Simon represents that this request is directly related to plaintiff's HRP investigation and is not related to plaintiff's address book.

The court notes that this request peripherally pertains to plaintiff's argument. Therefore, plaintiff's request for admission no. 23 is **GRANTED** and defendants are directed to respond to this instant request.

#### 2.) Request for Admission No. 24

Mr. Simon represents that defendants have produced the letter relevant to this request to the plaintiff. Mr. Simon further represents that defendants did not respond to the instant request for admission because "defendants did not want to engage in as plaintiffs desire to conduct discovery as to his HRP claims."

The court finds that, since the letter has been produced, it is reasonable to expect defendants to respond to this instant admission. Therefore, plaintiff's request for admission no. 24 is **GRANTED** and defendants are directed to respond to this instant request.

#### 3.) Request for Admission No. 25

The court concurs with defendants' objection as to this request being irrelevant to plaintiff's claim as to whether he was denied access to court. Therefore, plaintiff's request for admission no. 25 is **DENIED**.

#### 4.) Request for Admission No. 28

It is possible the this request may have a bearing on plaintiff's claim. Therefore, plaintiff's request for admission no. 28 is **GRANTED** and defendant Churchward is directed to respond to this instant request.

MINUTES OF PROCEEDINGS
3:11-cv-00079-ECR-WGC
Date: August 23, 2012
Page 4

### 5.) Request for Admission No. 30

The court concludes that, if plaintiff is asking similar questions in request for admission no. 28, request for admission no. 30 is unnecessary. Therefore, Plaintiff's request for admission no. 30 is **DENIED.**

### 6.) Request for Admission No. 45 and Admission No. 46

The court orders that plaintiff's request for admission no. 45 and no. 26 are joined. Plaintiff's request for admission no. 45 and no. 46 are **GRANTED**.

## C.) Plaintiff's Second Set of Interrogatories (Dkt. #88-3, Exhibit C)

### 1.) Interrogatory No. 12

The court reiterates that defendant Churchward has responded in other discovery responses that he does not have the address book. Therefore, as far as compelling any further responses, plaintiff's interrogatory no. 12 is **DENIED.**

### 2.) Interrogatory No. 13

This request has no bearing on plaintiff's claim regarding the alleged seizure of his address book. Therefore, plaintiff's interrogatory No. 13 is **DENIED.**

### 3.) Interrogatory No. 15

This request has no relevancy regarding plaintiff's claim of the alleged seizure of his address book. Therefore, plaintiff's interrogatory No. 15 is **DENIED.**

### 4.) Interrogatory No. 17

Plaintiff's first question regarding plaintiff's HRP status is irrelevant. Furthermore, plaintiff's second question regarding the address book has been responded to the extent that defendants do not have the address book. Therefore, plaintiff interrogatory no. 17 is **DENIED.**

### 5.) Interrogatory No. 21

Plaintiff is requesting specifically whether plaintiff asked defendant Churchward for his address book. Mr. Simon represents Mr. Churchward did not specifically respond to this inquiry.

MINUTES OF PROCEEDINGS
3:11-cv-00079-ECR-WGC
Date: August 23, 2012
Page 5

Plaintiff's interrogatory no. 21 is **GRANTED** and defendant Churchward is directed to respond.

### 6.) Interrogatory No. 22

This request is related to interrogatory no. 21. Mr. Simon represents that Mr. Churchward did respond to this inquiry as set forth in interrogatory no. 12.

The court finds it reasonable for defendant Churchward to respond. Therefore, plaintiff's interrogatory no. 22 is **GRANTED** and defendant Churchward is directed to respond.

### 7.) Interrogatory No. 23

This request is related to interrogatory no. 22. Therefore plaintiff's interrogatory no. 23 is **GRANTED** and defendant Churchward is directed to respond.

### 8.) Interrogatory No. 28

Plaintiff's request does appear to have bearing on his claim regarding access to the courts. Therefore, plaintiff's interrogatory no. 28 is **GRANTED** and defendant is directed to respond.

### D.) Plaintiff's Request for Sanctions

The court finds that defendants have adequately responded to plaintiff's discovery and the present discovery disputes do not warrant sanctions. Therefore, plaintiff's request for sanctions is **DENIED.**

## IV.) Supplemental Response Deadline and Briefing Schedule for Plaintiff's and Defendants' Motion for Summary Judgment

Defendants shall have up to and including **Friday, September 14, 2012,** to provide plaintiff with the supplemental discovery responses.

Plaintiff shall have up to and including **Friday, October 12, 2012**, to file a response to defendants Motion for Summary Judgment (Dkt. #62). Thereafter, defendants shall have up to and including **Friday, October 26, 2012**, to file any reply to plaintiff's response.

**MINUTES OF PROCEEDINGS**
3:11-cv-00079-ECR-WGC
Date: August 23, 2012
Page 6

     Plaintiff shall also have up to and including **Friday, October 12, 2012,** to file his Motion for Summary Judgment.  Defendants shall have up to and including **Friday, November 2, 2012**, to respond to plaintiff's motion.  Thereafter, plaintiff shall file his reply to defendants' response no later than **Friday, November 16, 2012.**

10:30 a.m. Court Adjourns.

**IT IS SO ORDERED.**

                                                            LANCE S. WILSON, CLERK

                                                  By: _____/s/_____
                                                      Katie Lynn Ogden, Deputy Clerk