1

2

3

4

5

6

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

7

8  ENOMA IGBINOVIA,         )     3:11-cv-00079-LRH-WGC
                         )

9          Plaintiff,      )   **REPORT AND RECOMMENDATION**
                         )   **OF U.S. MAGISTRATE JUDGE**

10     vs.               )

11  JAMES G. COX, et. al.    )
                         )

        Defendants.   )

12

13       This Report and Recommendation is made to the Honorable Larry R. Hicks, United

14  States District Judge. The action was referred to the undersigned Magistrate Judge pursuant

15  to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

16       Before the court is Defendants' Motion for Summary Judgment. (Doc. # 62.)[1] Plaintiff

17  opposed (Doc. # 94) and Defendants replied (Doc. # 99). Also before the court is Plaintiff's

18  Cross-Motion for Summary Judgment. (Doc. # 95.) Defendants opposed (Doc. # 100) and

19  Plaintiff replied (Doc. # 101). After a thorough review, the court recommends that Defendants'

20  motion be granted and Plaintiff's motion be denied.

21  ### I. BACKGROUND

22       At all relevant times, Plaintiff Enoma Igbinovia was an inmate in custody of the Nevada

23  Department of Corrections (NDOC). (Pl.'s First Am. Compl. (Doc. # 13) at 1.) The events

24  giving rise to this action took place at Ely State Prison (ESP). (*Id.*) Plaintiff, a pro se litigant,

25  brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) Defendants are James Cox and Harry

26  Churchward. (*Id.* at 2.)

27

28        [1] Refers to court's docket number.

1    The only claim remaining in this action is a First Amendment access to courts claim

2    centered around Plaintiff's allegation that in connection with an investigation into ESP inmates

3    gaining access to cell phones, defendant Churchward took Plaintiff's personal address book

4    which listed the witnesses needed for Plaintiff's criminal appeals as well as his attorney's

5    information. (Doc. # 13.)[2]  Plaintiff alleges that the seizure of his address book prevented him

6    from attacking his underlying criminal conviction. (*Id*.)

7    Defendants now move for summary judgment, arguing: (1) Plaintiff cannot establish

8    ownership of the address book; (2) Defendants are not in possession of Plaintiff's address book;

9    (3) Plaintiff cannot establish his First Amendment right of access to the courts was violated as

10   he cannot demonstrate he was denied the opportunity to pursue a non-frivolous criminal

11   appeal or habeas petition; and (4) Defendant Cox was not personally involved in the search of

12   Plaintiff's cell. (Doc. # 62.)

13   Plaintiff opposed the motion and also moves for summary judgment. (Docs. # 94, # 95.)

14   Plaintiff argues that the address book contained contacts for witnesses having information

15   needed in Plaintiff's continuing collateral attack of his criminal conviction, as well as the

16   contact information for his attorney. (*Id*.)

17   ## II.  LEGAL STANDARD

18   "The purpose of summary judgment is to avoid unnecessary trials when there is no

19   dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*,

20   18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted).  All reasonable inferences are drawn in

21   favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citing

22   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).  Summary judgment is appropriate

23   if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that

24   there is no genuine issue as to any material fact and that the movant is entitled to judgment as

25   a matter of law." *Id*. (quoting Fed.R.Civ.P. 56(c)).  Where reasonable minds could differ on the

26

27   [2] Plaintiff's due process claims did not survive Defendants' Motion for Summary Judgment (Doc. # 50.)

28

material facts at issue, however, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 250.

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Although the parties may submit evidence in an inadmissible form, only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment. Fed.R.Civ.P. 56(c).

In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *See Anderson*, 477 U.S. at 248-250. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id*. at 248.

In determining summary judgment, a court applies a burden shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'[ ] In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc*., 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 323-25. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress &*

3

1    *Co.*, 398 U.S. 144, 160 (1970).

2        If the moving party satisfies its initial burden, the burden shifts to the opposing party

3  to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v.*

4  *Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute,

5  the opposing party need not establish a material issue of fact conclusively in its favor. It is

6  sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the

7  parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*

8  *Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)(quotation marks and citation omitted). The

9  nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations

10  that are unsupported by factual data. *Id*. Instead, the opposition must go beyond the assertions

11  and allegations of the pleadings and set forth specific facts by producing competent evidence

12  that shows a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324.

13        At summary judgment, a court's function is not to weigh the evidence and determine the

14  truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at

15  249. While the evidence of the nonmovant is "to be believed, and all justifiable inferences are

16  to be drawn in its favor," if the evidence of the nonmoving party is merely colorable or is not

17  significantly probative, summary judgment may be granted. *Id*. at 249-50, 255 (citations

18  omitted).

19                      **III. DISCUSSION**

20  **A. First Amendment Access to Courts standard**

21        Inmates have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S.

22  343, 346 (1996). To establish a violation of the right of access to the courts, a prisoner must

23  establish that he or she suffered an actual injury, a jurisdictional requirement that flows form

24  the standing doctrine and may not be waived. *Id*. at 348 (citation omitted); *see also Alvarez v.*

25  *Hill*, 518 F.3d 1152, 1155 n. 1 (9th Cir. 2008) (citation omitted) (explaining, "[f]ailure to show

26  that a 'non-frivolous legal claim ha[s] been frustrated' is fatal" to a claim of denial of access to

27  courts). "Actual injury" is defined as "actual prejudice with respect to contemplated or existing

28                          4

litigation, such as inability to meet a filing deadline or present a claim." *Id*. at 348 (citation and internal quotations omitted).

Where a prisoner asserts a backward-looking denial of access to courts claim- one seeking a remedy for a lost opportunity to present a legal claim- as Plaintiff does here, he must show the loss of a "nonfrivolous" or "arguable" underlying claim, "the official acts frustrating the litigation," and "a remedy that may be awarded as recompense but [that is] not otherwise available in some suit that may yet be brought." *Christopher v. Harbury*, 536 U.S. 403, 415, 417 (2002); *see also Avalos v. Baca*, 596 F.3d 583, 591 n. 8 (9th Cir. 2010).

The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and section 1983 actions. *See Lewis*, 518 U.S. at 353 n. 3, 354-55; *Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1159-60 (9th Cir. 2003) ("a prisoner has no constitutional right of access to the courts to litigate an unrelated civil claim"); *Madrid*, 190 F.3d at 995. The right of access to the courts is only a right to bring complaints to the federal court and not a right to discover such claims or to litigate them effectively once filed with a court. *See Lewis*, 518 U.S. at 354-55; *Madrid*, 190 F.3d at 995; *Cornett v. Donvan*, 51 F.3d 894, 898 (9th Cir. 1995).

**B. Analysis**

Preliminarily, Plaintiff once again argues that his due process rights were violated in connection with the alleged confiscation of his address book. (Docs. # 94, # 95 at 27-28.) The court reminds Plaintiff that this claim did not survive Defendants' previous Motion for Summary Judgment. (*See* Doc.# 50.)

The court will now focus on the claim at issue-Plaintiff's First Amendment access to courts claim. While the parties spend a considerable amount of time discussing whether Plaintiff actually owned an address book during the relevant time period and whether defendant Churchward actually confiscated the address book, the court finds that the parties' central inquiry should have been on the "actual injury" requirement for Plaintiff's First Amendment access to courts claim. As stated above, Plaintiff's claim fails if it is not

1  demonstrated that a non-frivolous criminal appeal, habeas proceeding or section 1983 action

2  has been frustrated as a result of Defendants' alleged conduct.

3      After reviewing all of the evidence in the light most favorable to the non-moving party,

4  the court has determined: (1) with respect to Defendants's motion, they have demonstrated that

5  Plaintiff has failed to make a showing sufficient to establish the "actual injury" element of his

6  case for which he would bear the burden of proof at trial; and (2) with respect to Plaintiff's

7  motion, he has failed to establish the absence of a genuine issue of fact with respect to the

8  "actual injury" element of his claim.

9      Defendants provide Plaintiff's discovery responses which confirm that he cannot

10 demonstrate that a non-frivolous claim was frustrated by the alleged confiscation of the address

11 book. (*See* Doc. # 62 at 7-10, Ex. D; Doc. # 100 at 7, n. 2.) When Plaintiff was asked to identify

12 the basis for his claim, he responded that there was a "possibility of setting aside judgment on

13 [his] old habeas [petition] under Rule 60" and that it would have led to the discovery of "new

14 evidence" that would "demonstrate [that his] entire criminal case and convictions were based

15 on [ ] false evidence and perjury." (*Id*.)

16     In his own motion, as he has done in previous filings, Plaintiff argues that his address

17 book contained critical information for witnesses with information necessary to his continuing

18 collateral attack on his conviction. Plaintiff does not establish what critical information these

19 witnesses had. More importantly, he fails to demonstrate that his collateral attack on his

20 conviction was not frivolous.

21     Plaintiff presents an order in a habeas action which states that Plaintiff filed a Rule 60

22 motion in the wrong case number (Docs. # 94, # 95 at 35), but that document does not fulfill

23 the "actual injury" requirement as Plaintiff suggests.  Instead, Plaintiff was instructed that he

24 could file the motion in the correct case.  (*Id*.)  Plaintiff does not explain how the discovery of

25 the witness information in the address book would have led to a different result.  Instead, he

26 speculates that if he had this information, he would have been able to file a successful Rule 60

27 motion.  This is not sufficient.

28

1    Plaintiff also produces a copy of a letter authored by attorney C.  Conrad Clause to the

2    Clark County District Attorney. (Docs. # 94, # 95 at 37-38.) The letter indicates that Plaintiff's

3    co-defendant in his criminal case received an evidentiary hearing in his habeas case in

4    connection with purported perjured testimony of a witness in that case. (*Id*.)  The attorney's

5    letter asks the District Attorney's Office to consider this allegedly false testimony in connection

6    with Plaintiff's case as well. It does not provide evidence that the alleged confiscation of

7    Plaintiff's address book frustrated Plaintiff's collateral attack on his criminal conviction.

8    Instead, it appears to focus on information that Plaintiff and his attorney already had in their

9    possession.

10    Finally, Plaintiff has produced a copy of an order denying his petition for writ of habeas

11    corpus. (Docs. # 94-1, # 95 at 26-34.) This document does not constitute evidence that Plaintiff

12    suffered "actual injury" in connection with his First Amendment access to courts claim.  The

13    document reveals that Plaintiff was convicted and sentenced on several criminal counts in

14    1998. (*Id*. at 26-27.)  Plaintiff appealed his conviction and the appeal was dismissed. (*Id*. at

15    27.)  He then filed a petition for writ of habeas corpus post-conviction in 2005, seven years

16    after his conviction and the dismissal of the appeal of his conviction.  (*Id*.) The court found that

17    the habeas petition was procedurally barred because it was well beyond the one year time limit

18    allowed for requesting post-conviction relief. (*Id*.)  Notwithstanding the procedural time bar,

19    the court found Plaintiff's petition to be without merit. (*Id*. at 27-30.)

20    Plaintiff argues that after the time when he sought to file the Rule 60 motion setting

21    aside the judgment in his habeas case, he was going to retain an attorney and investigator to

22    obtain the new evidence to collaterally attack his criminal conviction in a Rule 60 motion or

23    new habeas proceeding, but Defendants' conduct impeded his efforts. (Docs. # 94, # 95 at 2-4.)

24    Plaintiff ignores the outcome of his criminal appeal and initial habeas proceeding, where the

25    court specifically denied Plaintiff's petition not only because it was time-barred, but because

26    it had no merit.  He does not explain how the information in the address book would have

27    allowed him to be successful in a Rule 60 motion or new habeas petition. In fact, he provides

28

1   no basis for the court to believe that a Rule 60 motion or new habeas petition were not

2   frivolous.  As indicated above (*supra* at 5:18-21), the right of access to the courts is only a right

3   to bring complaints to the federal court and not a right to discover such claims or to litigate

4   them effectively once filed with a court.  *See Lewis*, 518 U.S. at 354-55; *Madrid*, 190 F.3d at

5   995; *Cornett*, 51 F.3d at 898.

6       Because Defendants have met their burden on summary judgment and Plaintiff has

7   failed to meet his, the court recommends that Defendants' motion be granted, and Plaintiff's

8   motion be denied. Further, because the court found Plaintiff has not established an underlying

9   constitutional violation, it need not reach the supervisory liability argument advanced by

10  Plaintiff with respect to defendant Cox.

11                          **IV. RECOMMENDATION**

12      **IT IS HEREBY RECOMMENDED** that the District Judge enter an Order

13  **GRANTING** Defendants' motion (Doc. # 62) and **DENYING** Plaintiff's motion (Doc. # 95).

14      The parties should be aware of the following:

15      1.      That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the

16  Local Rules of Practice, specific written objections to this Report and Recommendation within

17  fourteen (14) days of receipt.  These objections should be titled "Objections to Magistrate

18  Judge's Report and Recommendation" and should be accompanied by points and authorities

19  for consideration by the District Court.

20      2.      That this Report and Recommendation is not an appealable order and that any

21  notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the

22  District Court's judgment.

23      DATED: January 15, 2013.

24

25                                          _____

26                                          WILLIAM G. COBB
                                            UNITED STATES MAGISTRATE JUDGE

27

28                                          8